**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP**
Btzalel Hirschhorn, Esq.
8002 Kew Gardens, Suite 600
Kew Gardens, NY 11415
Tel: (718) 263-6800
Fax: (718) 520-9401
Email: Bhirschhorn@sbagk.com

*Counsel to Plaintiff Chaim Kahan*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------------------X | Chapter 11 |
| In re: | Case No. 24-43626 |
| 288 4TH LLC, | |
| Debtor, | |
| ------------------------------------------------------------------X | Adv. Proc. #: **24-01089-ess** |
| CHAIM KAHAN | |
| Creditor-Plaintiffs | **NOTICE OF MOTION TO REMAND TO KINGS SUPREME COURT** |
| - against - | |
| COHEN, TAUBER, SPIEVACK & WAGNER, P.C., YECHESKEL WEISZ, SHIA WEISZ | |
| Debtor-Defendant | |
| ------------------------------------------------------------------X | |

**<u>NOTICE OF MOTION FOR REMAND</u>**

**PLEASE TAKE NOTICE** that upon the application dated September 9, 2024 (the

"Application"), Plaintiff Chaim Kahan ("Kahan"), by his attorneys, Shiryak, Bowman,

Anderson, Gill & Kadochnikov, LLP, shall move before the Honorable Elizabeth S. Stong,

United States Bankruptcy Judge, in the Courtroom located at the United States Bankruptcy Court for the Eastern District of New York, located at 271C Cadman Plaza East, Courtroom **3585 on October 31, 2024, at 10:30 am,** or as soon thereafter as counsel may be heard, for entry of an order (a) pursuant to 28 U.S.C. §1334 and 1452, and Rule 9027 of the Federal Rules of Bankruptcy Procedure remanding the instant proceeding to Kings Supreme Court; and (b) for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that all hearings before Judge Stong will be conducted by telephone, video or in person, as the Court deems appropriate. For remote hearings, whether telephonic or video, it is not necessary to contact the Courtroom Deputy to request prior authorization to appear remotely.

Whether the hearing is in person or remote, please use eCourt Appearances to register to appear at a hearing. To register, please provide your name, address, e-mail address, telephone number on the hearing date, and the party that you represent, if applicable. Please be sure to register at least two business days before your hearing. For remote hearings, you will receive instructions on how to access the hearing via e-mail two business days before the hearing. On your hearing date, please connect at least ten minutes before your scheduled hearing time and keep your audio and video on mute until your case is called.

If you have a CM/ECF account, you may access eCourt Appearances in the "Utilities" menu after logging into CM/ECF. Alternatively, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. In the event that you are not able to register online, you may call or email Judge Stong's courtroom deputy for

instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the hearing date.

Additional information about eCourt Appearances, including a tutorial on how to use the program, is available at https://www.nyeb.uscourts.gov/registering-remote-hearing-appearanceusing-ecourt-appearances. For more information, please see https://www.nyeb.uscourts.gov/content/judge-elizabeth-s-stong.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon the undersigned counsel for the Applicant by 5:00 p.m. seven days prior to the return date and upon any other person whose interests would be affected if the objection is sustained.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice other than the announcement of such adjournment in open Court.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

Dated: Kew Gardens, New York
September 9, 2024

/s/ Btzalel Hirschhorn, Esq_____
Btzalel Hirschhorn, Esq.
SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP
80-02 Kew Gardens, Rd. Ste. 600
Kew Gardens, NY 11415
718-263-6800
Counsel for Plaintiff Chaim Kahan

Notice to:

All Parties listed on the Affidavit of Service

**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP**
Btzalel Hirschhorn, Esq.
8002 Kew Gardens, Suite 600
Kew Gardens, NY 11415
Tel: (718) 263-6800
Fax: (718) 520-9401
Email: Bhirschhorn@sbagk.com

*Counsel to Plaintiff Chaim Kahan*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X     Chapter 11

In re:                                                                              Case No. 24-43626

288 4TH LLC,

                           Debtor,

------------------------------------------------------------------X     Adv. Proc. #: **24-01089-ess**
CHAIM KAHAN

                    Creditor-Plaintiffs

                                     **MEMORANDUM OF LAW IN**
                                     **SUPPORT OF PLAINTIFF'S**
                                     **MOTION FOR REMAND TO**
                                     **KINGS SUPREME COURT**

              - against -

COHEN, TAUBER, SPIEVACK & WAGNER, P.C., YECHESKEL WEISZ,
SHIA WEISZ

                    Debtor-Defendant
------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND


      **Btzalel Hirschhorn, Esq.,** an attorney duly licensed to practice law before the Courts of

this State and before the Courts of the Eastern District of New York, respectfully submits this

memorandum of law in Support of Plaintiff's motion pursuant to 28 U.S.C. §§1334 & 1452, as

well as Rule 9027 of the Federal Rules of Bankruptcy Procedure remanding the instant

proceeding to Kings Supreme Court, and for such other and further relief as this Court deems

just and proper.

## JURISDICTION

1.      This Court has limited subject matter jurisdiction over this proceeding for the sole

purpose to consider and determine the instant Application pursuant to 28 U.S.C. §1334. Plaintiff

specifically disputes this Court's jurisdiction over this matter otherwise. Plaintiff also contends

that this is not a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this

Court pursuant to 28 U.S.C. §1408 only for the limited purpose of determining this motion.

## PRELIMINARY STATEMENT

2.      The instant proceeding was filed by attorney Eric Horn of the law firm A.Y.

Strauss. Mr. Horn purports to have filed the instant proceeding on behalf of *both* the Debtor *and*

Plaintiff Kahan. Indeed, Mr. Horn recorded his representation on the docket as representing

Plaintiff Kahan. See Exhibit A. This is false. As demonstrated in the attached affidavit of Kahan,

Mr. Horn does not represent Kahan nor can he as his firm filed the instant bankruptcy proceeding

purportedly on behalf of the Debtor. Mr. Horn also filed a related adversary proceeding in which

the Debtor is a Plaintiff and Kahan is a named Defendant. *See In Re: 288 4th, LLC; 288 4th, LLC*

*v. Haim Kahan, Cohen Tauber Spievack & Wagner P.C., Yecheskel Weisz, and Shia Weisz; Adv.*

*Pro. No. 24-01087.* [1] To say that Mr. Horn's firm has taken an adversarial position towards

Kahan in that case would be an understatement.

3.      As will be explained further below, this is a direct unwaivable conflict of interest.

Put simply, Mr. Horn does not represent Kahan and Kahan does not wish for this proceeding to

---

[1] Although the spelling of Kahan's first name is different in this action it is undisputed that it is referencing the same
individual.

be removed to this Court. Kahan brought the proceeding in Kings Supreme Court which is where it belongs.

## FACTUAL & PROCEDURAL BACKGROUND

4.       As detailed in Kahan's prior letter to this Court, the disputes between Kahan and the Weisz Parties (in which Perl Weisz is alleged to be the sole member of the Debtor), stems from a down payment on a real estate acquisition that ultimately did not close. Kahan personally funded the down payment providing $2.1 million. *See* Exhibit A. When the acquisition failed to close, a settlement was reached wherein the seller agreed to refund $1.6 million. Despite not providing any money towards the down payment, the Weisz Parties attempted to lay claim to the $1.6 million.

5.       Kahan served the Weisz Parties with numerous summonses to arbitrate this dispute in front of the Rabbinical Court. After the Weisz Parties failed to answer or otherwise appear in front of the Rabbinical Court, Kahan was forced to commence litigation in Kings Supreme Court. This litigation is the instant proceeding which Mr. Horn's firm has attempted to improperly remove to this Court.

6.       Critically, the full caption of this proceeding, as it appears on the docket in Kings County Supreme Court is *Haim Kahan v. Cohen Tauber Spievack & Wagner P.C., Yecheskel Weisz, and Shia Weisz*. Mr. Horn's pleadings do not dispute this. Conspicuously absent from this caption is *the Debtor*. The Debtor is not a named party in that action.

## ARGUMENT

### i.       *Non-Parties Cannot Remove Proceedings*

7.       Mr. Horn's pleadings while correctly citing to the relevant statutes, omits the salient point that the Debtor is NOT a party to this action.

8.      28 U.S.C. §1452(a) provides in pertinent part: "[a] *party* may remove any claim or cause of action in a civil action . . .  to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." (emphasis added).

9.      It is well settled that only a party may remove a proceeding under § 1452(a). In re Queen Elizabeth Realty Corp., 502 B.R. 17, 22 (Bankr. S.D.N.Y. 2013). (internal quotations omitted). "The term party as used in the statute is unambiguous, and refers to someone named in the complaint." Id. Although some decisions have read the term party more broadly to include a non-party who is the real party in interest in the litigation . . . removal statutes "are narrowly construed to restrict federal court jurisdiction and preserve the independence of state governments, and any doubts are resolved against removability." Id.

10.     Here, it is undisputed that the *Debtor* is not a party to this action. Therefore, the Debtor cannot remove this proceeding. Accordingly, this adversary proceeding must be remanded back to Kings County Supreme Court where it belongs.

      ii.   *Neither Eric Horn nor A.Y. Strauss Represent the Plaintiff*

11.     The instant adversary proceeding docket records Mr. Horn and the law firm of A.Y. Strauss as representing the Plaintiff. Docket entry No. 1 states *'Notice of Removal Notice of Removal filed by Debtor 288 4th LLC by Chaim Kahan.'* This is false. At no time did Chaim Kahan ever retain or otherwise authorize either Eric Horn or A.Y. Strauss to represent him or to file a notice of removal. (See attached affidavit of Chaim Kahan).

12.      Upon information and belief, Mr. Horn filed the instant notice of removal as an end run around the fact that there is not stay applicable to the underlying proceeding as the Debtor is not a named party and the Weisz Defendants did not file for personal bankruptcy.

13.      Rule 1.7 of the American Bar Association Model Rules of Professional Conduct provides: "[e]xcept as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. Model Rules of Prof'l Conduct R. 1.7 (2024). A concurrent conflict of interest exists if (1) the representation of one client will be directly adverse to another client. Id.

14.      Here, on or about September 4, 2024, prior to the attempted removal of the instant action, Mr. Horn's firm, as proposed counsel to the Debtor, filed a separate adversary proceeding with this Court, in which the Debtor, is a Plaintiff and Kahan is a named Defendant ("AP 1"). *See 288 4th LLC v. Haim Kahan, Cohen Tauber Spievack & Wagner P.C., Yecheskel Weisz, and Shia Weisz, Case No.* 24-01087.

15.      In AP 1, the Debtor filed an Order to Show Cause in which it alleges that the $1.6 million belongs to the Debtor and that Debtor's sole member is Perl Weisz. *See* AP 1 Adv. Pro. Doc. No. 2. ¶ 11. By its nature, the Debtor in AP 1 necessarily takes a position that is directly adverse to Kahan's interests as it seeks to deprive him of the $1.6 million which belongs to him. Thus, for Mr. Horn to attempt to represent Kahan in the instant action would be a direct and un-waivable conflict of interest.

## CONCLUSION

16.      As demonstrated above, the instant action must be remanded back to Kings County Supreme Court as the Debtor is not a named party and therefore has no ability to remove it; and (b) Neither Mr. Horn or the law firm of AY Strauss represent the Plaintiff; and (c) Removal was never authorized by Plaintiff. Accordingly, for all of these reasons, Plaintiffs' complaint must be dismissed with prejudice.

**WHEREFORE**, the Plaintiff respectfully requests an order;

   a. Remanding the instant proceeding back to Kings County Supreme Court; and

   b. For such other and further relief as this Court deems just and proper.

Dated: September 9, 2024
Kew Gardens, New York

Yours etc.,

Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP

/s/ Btzalel Hirschhorn

By: Btzalel Hirschhorn, Esq.
Attorney for Plaintiff Chaim Kahan
80-02 Kew Gardens, Rd. Ste. 600
Kew Gardens, New York 11415
Tel: 718-263-6800
Bhirschhorn@sbagk.com