**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X    Chapter 11

In re:                                                                              Case No. 24-43626

288 4TH LLC,

        Debtor,

-----------------------------------------------------------------X    Adv. Proc. #: **24-01089-ess**
CHAIM KAHAN

        Creditor-Plaintiffs

                                          **MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR REMAND TO KINGS SUPREME COURT**

    - against -

COHEN, TAUBER, SPIEVACK & WAGNER, P.C., YECHESKEL WEISZ, SHIA WEISZ

        Debtor-Defendant
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

**Btzalel Hirschhorn, Esq.,** an attorney duly licensed to practice law before the Courts of this State and before the Courts of the Eastern District of New York, respectfully submits this memorandum of law in Reply and in further support of Plaintiff's motion pursuant to 28 U.S.C. §§1334 & 1452, as well as Rule 9027 of the Federal Rules of Bankruptcy Procedure remanding the instant proceeding to Kings Supreme Court, and for such other and further relief as this Court deems just and proper.

1

**PRELIMINARY STATEMENT**

1. Although Mr. Horn's firm did finally correct the record to reflect that his firm does not represent Mr. Kahan, this does not change the fatal flaw in this notice of removal; namely that the Debtor was not a party to the underlying state court litigation.

**ARGUMENT**

*i. Non-Parties Cannot Remove Proceedings*

2. 28 U.S.C. §1452(a) provides in pertinent part: "[a] *party* may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." (emphasis added).

3. In attempt to get around the foundational rule in New York that strictly construes parties to mean only actual named parties to the complaint, the Debtor cites to three cases for the supposed proposition that the term 'party' can be read more broadly to include "something more akin to a 'real party in interest' or one who has a stake in the outcome." See Def. Obj. ¶ 64.

4. While it may be true that those cases do indeed stand for the proposition that the Debtor asserts, all three cases are Bankruptcy Court level decisions from outside New York and are not binding on this Court. In fact, the case cited by Plaintiff, In re Queen Elizabeth Realty Corp., 502 B.R. 17, 22 (Bankr. S.D.N.Y. 2013), is directly on point, is from the Southern District of New York and is still good law. Moreover, the In Re Queen Court based its decision, at least in part, on an EDNY District level court that found "that a district court is without subject matter jurisdiction in a case where that court's removal jurisdiction is invoked by a non-party." Juliano v. Citigroup, 626 F. Supp. 2d 317, 319 (E.D.N.Y. 2009).

5.      Lastly, for the Defendant's counsel to not disclose to this Court that the Southern District of New York explicitly addressed and rejected the argument of a broader reading of 'party' is borderline unethical. See e.g. <u>In re Queen Elizabeth Realty Corp.</u>, 502 B.R. at 22.

> It is true that some decisions have read the term "party" in § 1452(a) more broadly to include a non-party who is the real party in interest in the litigation. *See Burns v. Grupo Mexico S.A. de C.V.,* No. 07 Civ. 3496 (WHP), 2007 WL 4046762 (S.D.N.Y. Nov. 16, 2007) (collecting cases). Removal statutes, however, are narrowly construed to restrict federal court jurisdiction and preserve the independence of state governments, and any doubts are resolved against removability.

6.      One additional point must be addressed. In the related adversary proceeding filed by the Debtor, entitled *288 4th LLC, v Haim Kahan, Cohen Tauber Spievack & Wagner P.C. and Progressive Real Estate Agency, LLC,* under Adv. Pro. No. 24-01087, in response to Kahan's motion to dismiss, the Debtor attempts to argue that the *Rooker Feldman* doctrine is not applicable 'because the Debtor was not a party to any of the State Court actions.' See Adv. Pro. Doc. No. 18 ¶59.

7.      Ironically, the Debtor on the one hand attempts to argue that it was not a party to be bound by *Rooker Feldman*, yet in the instant proceeding, in attempting to justify its improper notice of removal, asks this Court to view it as a 'party.' The Debtor cannot have it both ways. The Debtor either was a party or was not. The Debtor cannot claim to be a party when convenient for its alleged interests yet disclaim its role as a party when it does not fit its desires.

## **CONCLUSION**

8.      As demonstrated above, the instant matter was improperly removed as the Debtor was not a party to the underlying state court action. Accordingly, for all of these reasons, the instant case must be remanded back to Kings County Supreme Court.

**WHEREFORE**, the Debtor respectfully requests an order;

a. Remanding the instant case to Kings County Supreme Court; and

b. For such other and further relief as this Court deems just and proper.

Dated: October 29, 2024
Kew Gardens, New York

                                   Yours etc.,
             Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
                              /s/ Btzalel Hirschhorn
                              By: Btzalel Hirschhorn, Esq.
                              Attorney for Plaintiff Haim Kahan
                              80-02 Kew Gardens, Rd. Ste. 600
                              Kew Gardens, New York 11415
                              Tel: 718-263-6800