UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>288 4TH LLC,<br>    Debtor. | Chapter 11<br>Case No. 24-43626-ess |
| 288 4TH LLC,<br>    Plaintiff,<br>v.<br>HAIM KAHAN, COHEN TAUBER SPIEVACK & WAGNER P.C., and PROGRESSIVE REAL ESTATE AGENCY LLC,<br>    Defendants. | Adv. P. No. 24-01087-ess |
| HAIM KAHAN,<br>    Plaintiff,<br>v.<br>COHEN TAUBER SPIEVACK & WAGNER P.C., YECHESKEL WEISZ, and SHIA WEISZ,<br>    Defendants. | Adv. P. No. 24-01089-ess |

## **STIPULATION AND MEDIATION ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties:

1. The parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation").

2. The parties jointly accept **Allen G. Kadish, Esq.**, to provide mediation services to them (the "Mediator").

3. The Mediation shall be non-binding.

4. The Mediator shall not have authority to render a decision that shall bind the parties.

5. The parties are not obligated to agree to any proposals which are made during the Mediation.

6. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

7. The Mediator may meet in private conference with less than all of the parties.

8. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

9. The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.

10. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11. The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

12. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediator.

13. The Mediator's compensation shall be on such terms as are satisfactory to the Mediator and the parties and shall be subject to Court approval if the estate is to be charged with such expense.

14. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

15. For the avoidance of any doubt, the debtor is solely responsible for paying the mediator's fees.

*[Signatures on following page]*

Dated: February 28, 2025

_____  _____
288 4th LLC (Debtor)              Attorney for the Debtor

_____  /s/ Btzalel Hirschhorn
Haim Kahan                        _____
                                  Attorney for Haim Kahan


_____  _____
Cohen Tauber Spievack & Wagner, P.C.  Attorney for Cohen
("Cohen")


_____  /s/ Btzalel Hirschhorn
Progressive Real Estate Agency LLC  _____
("Progressive")                    Attorney for Progressive


Consented to:

_____
Allen G. Kadish, Esq.
Mediator

Dated: February 28, 2025

_____          _____
288 4th LLC (Debtor)                Attorney for the Debtor


_____          _____
Haim Kahan                          Attorney for Haim Kahan


_____          _____
Cohen Tauber Spievack & Wagner, P.C.    Attorney for Cohen
("Cohen")


_____          _____
Progressive Real Estate Agency LLC      Attorney for Progressive
("Progressive")


Consented to:

_____
Allen G. Kadish, Esq.
Mediator


***It is so ordered.***

Dated: Brooklyn, New York
March 17, 2025



_____
Elizabeth S. Stong
United States Bankruptcy Judge